# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

_____

SHELLEY GOODNIGHT,　　　　　　　CV 11-149-M-DWM-JCL

　　　　　　Plaintiff,

vs.　　　　　　　　　　　　　　　FINDINGS & RECOMMENDATION
　　　　　　　　　　　　　　　　　OF UNITED STATES
　　　　　　　　　　　　　　　　　MAGISTRATE JUDGE

TELETECH CUSTOMER
CARE MANAGEMENT,

　　　　　　Defendant.
_____

Pro se Plaintiff Shelley Goodnight commenced this action against her former employer, TeleTech Customer Care Management, in October 2011.[1] Dkt. 1-2. Goodnight alleges that TeleTech discriminated against her in violation of Mont. Code Ann. § 39-2-215, which requires that public employers "have a written policy supporting women who want to continue breastfeeding after returning from maternity leave," and prohibits public employers from discriminating "against an employee who expresses milk in the workplace." Goodnight claims that TeleTech did not supply her with a written policy at any

---

[1] Goodnight filed her original complaint in state court, and TeleTech later removed the case to this Court based on diversity jurisdiction.

-1-

time during her six years of employment with the company. Dkt. 6, 10. Goodnight also alleges that TeleTech told her "she would receive corrective actions up to and including termination" if she "did not use the room provided to her" for the purpose of expressing milk. Dkt. 6, 10. Goodnight claims she advised TeleTech "that she would quit and sue," at which point she was escorted out of the building. Dkt. 6, 10.

TeleTech has moved to dismiss Goodnight's complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive such a motion, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

TeleTech argues that Goodnight's complaint should be dismissed because she has failed to state a cognizable claim under Mont. Code Ann. § 39-2-215. Goodnight's entire complaint is premised on this statute, which provides, in

relevant part, as follows:

**Public employer policy on support of women and breastfeeding – unlawful discrimination.**

(1) All state and county governments, municipalities, and school districts and the university system must have a written policy supporting women who want to continue breastfeeding after returning from maternity leave.
...
(2) It is an unlawful discriminatory practice for any public employer:

(a) to refuse to hire or employ or to bar or to discharge from employment an employee who expresses milk in the workplace; or

(b) to discriminate against an employee who expresses milk in the workplace in compensation or in terms, conditions, or privileges of employment unless based upon a bona fide occupational qualification.

Mont. Code. Ann. § 39-2-215.

By its terms, this statute applies only to public employers. TeleTech argues that it is not a state or county government, municipality, school district or university system, but rather a Colorado-based limited liability company. Because it is a private rather than a public employer, TeleTech takes the position that Mont. Code Ann. § 39-2-215 simply does not apply and Goodnight's complaint should be dismissed.

To show that it is in fact a private employer, TeleTech has submitted an internet page printed off of the Montana Secretary of State Linda McCulloch's website. Dkt. 3-1. The page displays the results of a Business Entity Search

conducted on November 7, 2011, and identifies TeleTech as an "LLC Managed by Managers" that is active and in good standing in the jurisdiction state of Colorado. Dkt. 3-1. The web page lists an Englewood, Colorado address as TeleTech's principal office address, and shows that the limited liability company was first organized in November 1992. Dkt. 3-1.

Typically, "a court may not consider material beyond the complaint in ruling on a Fed. R. Civ. P. 12(b)(6) motion." *Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). A court may, however, "'take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment,' as long as the facts noticed are not 'subject to reasonable dispute.'" *Intri-Plex Technologies*, 499 F.3d at 10532 (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 677 (9th Cir. 2001). Just like traditional public documents, the results of records searches from a state's Secretary of State website are reliable and are properly considered by the court on a motion to dismiss. *See e.g. L'Garde, Inc. v. Raytheon Space and Airborne* Systems, 2011 WL 3168806, *2 (C.D. Cal. 2011); *Adam v. Mortgage Electronic Registration Systems, Inc.*, 2011 WL 63651 * 3 n. 2 (C.D. Cal. 2011) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001)); *Hansen Beverage Co. v. Innovation Ventures, LLC*, 2009 WL 6597891 *1 (S.D. Cal. 2009).

As these cases suggest, this Court may consider the internet page from the Montana Secretary of State's website without converting TeleTech's motion into one for summary judgment. This internet page unequivocally demonstrates that TeleTech is a Colorado-based limited liability company, to whom Mont. Code Ann. § 39-2-215 simply does not apply.

In an attempt to show otherwise, Goodnight argues that TeleTech "is not completely separated from government" because its website indicates that one of its sister companies, TeleTech Government Solutions, LLC "develops and provides highly-tailored solutions that address the needs and goals of some of today's largest public entities around the globe." Dkt. 9-1. Even assuming it would be appropriate for the Court could to consider material from TeleTech's website on the current motion, the fact that one of TeleTech's sister companies may somehow provide services for "public entities" in no way means that TeleTech is a "public employer" as contemplated by Mont. Code Ann. § 39-2-215.

The Montana Secretary of State's records clearly show that TeleTech is a private company. As a private employer, TeleTech is not subject to Mont. Code Ann. § 39-2-215 and its various requirements. Because Goodnight has not cited any other legal authority for her claims, she has not stated a legally cognizable claim for relief and her Complaint should be dismissed.

While pro se litigants are typically given leave to amend prior to dismissal, Goodnight has already amended her Complaint once after having received notice of TeleTech's motion and supporting argument. Dkt. 10. Goodnight's Revised Complaint is identical to her original Complaint in all material respects, and both pleadings are properly dismissed based on the fact that TeleTech is not subject to Mont. Code Ann. § 39-2-215, which is the sole legal authority for Goodnight's claims. Dkt. 6, 10. Accordingly,

IT IS RECOMMENDED that TeleTech's Motion to Dismiss be GRANTED, and this case be DISMISSED.

DATED this 12th day of December, 2011

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge