UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| SHELLEY MAGUIRE | ) | CV 11-149-M-DWM-JCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| TELETECH CUSTOMER CARE MANAGEMENT | ) ) | |
| | ) | |
| Defendant. | ) ) | |

Plaintiff Shelley Maguire, appearing pro se, claims that Teletech Customer Care Management discriminated against her in violation of Montana Code Annotated § 39-2-215, which requires public employers to "have a written policy supporting women who want to continue breastfeeding after returning from maternity leave" and prohibits public employers from discriminating "against an employee who expresses milk in the workplace." (Dkt # 1). The matter was referred to Magistrate Judge Lynch under 28 U.S.C. § 636(b).

Teletech moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt # 2). Judge Lynch issued his Findings and Recommendations for that motion on December 12, 2011. (Dkt # 18).

Judge Lynch recommends granting Teletech's motion because Teltech is not

1

a public employer and, thus, is not bound by Montana Code Annotated § 39-2-215. Id. Ms. Maguire timely objected to Judge Lynch's Findings and Recommendation. (Dkt # 22). She is therefore entitled to de novo review of the specified findings or recommendations to which she objects. 28 U.S.C. § 636(b)(1). The Court reviews portions of the Findings and Recommendation not specifically objected to for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

Since the parties are familiar with the facts of this case, they are restated here only as necessary to explain the Court's decision.

The Court agrees with Judge Lynch's Findings and Recommendation and adopts them in full. The plain language of Montana Code Annotated § 39-2-215 dictates that it applies to only public employers. It does not apply to private employers, such as Teletech.

In her objections, Ms. Maguire argues that Teletech is a public employer because, as she claims, Teletech is a publicly traded company. But the fact that a company is publicly traded does not mean it is a public employer. The term "public employer," as used in Montana Code § 39-2-215, refers to "state and county governments, municipalities, and school districts and the university system." Id. The fact that a company is publicly traded means only that the company offers its securities (e.g., stocks) for sale to the general public, typically

2

through a stock exchange.

Ms. Maguire also argues that Colorado law should apply because Teletech claims it is a "Colorado-based" limited liability company. 1 (Dkt # 22). The Court need not address this argument, though, because Ms. Maguire raised it for the first time in her objections. Brown v. Roe, 279 F.3d 742, 744–45 (9th Cir. 2002) (holding that a district court has discretion to not address new facts or arguments raised for the first time in an objection to a magistrate judge's findings and recommendation); United States v. Howell, 231 F.3d 615, 621–22 (9th Cir. 2000) (same). Indeed, up to this point, Ms. Maguire has argued that Montana law applies.[1]

In summary, Ms. Maguire has failed to show that Montana Code Annotated § 39–2–215 applies to Teletech. As a result, her claim fails.

The Court finds no clear error in the portions of Judge Lynch's Findings and Recommendation to which the plaintiffs do not object.

Accordingly, IT IS ORDERED that Teletech Customer Care Managment's motion to dismiss (dkt # 2) is GRANTED. The Clerk of Court is directed to enter, by separate document, judgment in favor of Teletech.

---

[1] Regardless, Ms. Maguire's argument fails on the merits. Colorado law does not apply merely because Teletech is a Colorado-based company. See Restatement (Second) Conflict of Laws § 6 (1971).

3

DATED this 29 day of December.

_____
Donald W. Molloy, District Judge
United States District Court

4